IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL ROY ARCHER, JR.,

       Plaintiff,

v.

CITY OF PORTLAND; TOM POTTER,
Mayor of Portland; CITY OF PORTLAND
POLICE; BERRICK FOXWORTH, Chief of
Police; OFFICER McDANIEL; OFFICER
BROWN; OFFICER EDGECOMB; and
OFFICER WEST,

       Defendants.

Civil No. 05-25-BR

ORDER

BROWN, Judge.

    Plaintiff brings this civil action *pro se*. On January 7, 2005, Plaintiff filed his original Complaint. On February 8, 2005, Plaintiff filed an Amended Complaint (#5). On February 9, 2005, Defendants City of Portland and Tom Potter filed a Motion to Dismiss (#8) the original Complaint. Because Plaintiff filed his Amended Complaint prior to Defendants' Motion to Dismiss, the

1 - ORDER -

Motion to Dismiss (#8) the original Complaint is DENIED AS MOOT. However, for the reasons stated below, the Court DISMISSES Plaintiff's Amended Complaint *sua sponte*.

## BACKGROUND

Plaintiff's Amended Complaint consists of an 18-page handwritten narrative of an event which apparently led to his arrest at his home. Plaintiff alleges, *inter alia*, that Defendants[1] had threatened him hypnotically on the day before the arrest, and that they physically assaulted him in effecting the arrest. Plaintiff does not allege what constitutional rights or laws were violated by Defendants' actions. By way of remedy, Plaintiff seeks unspecified injunctive relief and money damages.

## LEGAL STANDARDS

Where a person is granted leave to proceed *in forma pauperis*, the court shall dismiss the case at any time if the court determines that:

    (B) the action . . .

        (i) is frivolous or malicious;

---

[1] Plaintiff's original Complaint named only Mayor Tom Potter and the City of Portland as Defendants. His Amended Complaint, however, adds several individual police officers as Defendants. To date, summonses have not been issued as to these additional defendants, and service of process has not been effected upon them. Moreover, it does not appear Plaintiff served a copy of his Amended Complaint on either of the original Defendants or their counsel.

2 - ORDER -

> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at

3 - ORDER -

1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

**I. Procedural Deficiencies**

Pursuant to Fed. R. Civ. P. 3, "[a] civil action is commenced by filing a complaint with the court." Pursuant to Fed. R. Civ. P. 8(a), a complaint shall include "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(e).

If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); see also Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981) (district court may dismiss an action with prejudice due to a litigant's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored). Moreover, the failure to indicate what in

particular a plaintiff seeks by way of relief is in itself failure to state a claim. Conkey v. Reno, 885 F.Supp. 1389, 1392 (D.Nev. 1995).

Plaintiff's Amended Complaint does not satisfy the short and concise statement requirements of Rule 8. Moreover, Plaintiff fails to identify what injunctive relief he seeks. Accordingly, Plaintiff's Amended Complaint must be dismissed for failure to state a claim upon which relief may be granted.

## II. **Substantive Deficiencies**

As noted, Plaintiff does not allege any legal bases for the relief sought. If he is seeking relief under 42 U.S.C. § 1983, Plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992), cert. denied, 508 U.S. 951 (1993); Lopez v. Dept. of Health Serv., 939 F.2d 881, 883 (9th Cir. 1991); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989), cert. denied, 493 U.S. 1056 (1990). Plaintiff must further allege personal involvement by each named Defendant in the alleged violation of his rights. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (there is no *respondeat superior* liability under § 1938). Because Plaintiff's Amended Complaint does not do so, it

must be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

For these reasons, the Court DENIES AS MOOT Defendants Tom Potter and City of Portland's Motion to Dismiss (#8) the original Complaint.

The Court further DISMISSES Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted. Plaintiff shall have 30 days from the date of this order to file a Second Amended Complaint curing the deficiencies noted above. Plaintiff is advised that his amended complaint must specifically include (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights, (2) the dates on which the conduct allegedly took place, and (3) the specific conduct Plaintiff alleges is unconstitutional. Plaintiff is advised that the Second Amended Complaint will operate as a complete substitute for the present complaint, not as a supplement. Plaintiff is cautioned that failure to file a Second Amended Complaint within the time provided shall result in the dismissal of this proceeding.

///

///

///

///

///

The Court further GRANTS Plaintiff's Motion to File an Amended Complaint (#12) to the extent Plaintiff is required to do so by this order.

IT IS SO ORDERED.

DATED this ___25th___ day of April, 2005.

                                                  /s/ Anna J. Brown
                                                ANNA J. BROWN
                                                United States District Judge