IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL ROY ARCHER, JR.,

     Plaintiff,

  v.

TOM POTTER, et al.,

     Defendants.

Civil No. 05-25-BR

ORDER TO DISMISS IN PART

BROWN, Judge.

    Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 *pro se*. Pursuant to an order entered by the Court on February 8, 2005, Plaintiff was granted leave to proceed *in forma pauperis*. For the reasons set forth below, Plaintiff's [Third Amended] "Cival Complaint" is dismissed in part. See 28 U.S.C. § 1915(e)(2).

## BACKGROUND

    Plaintiff alleges that several of the Defendants violated Plaintiff's constitutional rights by their use of excessive force

1 - ORDER TO DISMISS -

in arresting Plaintiff and in falsely imprisoning him. Plaintiff also alleges Defendants have used "hypnosis" to threaten Plaintiff and to control his thoughts and actions. Plaintiff alleges he suffered physical and mental injury as a result.

## DISCUSSION

When a party is granted leave to proceed *in forma pauperis*, the court shall dismiss the case at any time if the court determines that:

> (B) the action . . .
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2).

A complaint is "frivolous" where it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The term "frivolous," when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. When determining whether a complaint is frivolous, the court need not accept the allegations as true, but must pierce the veil of the complaint's factual allegations to determine whether they are fanciful, fantastic, or

delusional." Neitzke, 490 U.S. at 327; Denton v. Hernandez, 504 U.S. 25, 33 (1992).

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

The Court finds that Plaintiff's allegations are fanciful, fantastic, or delusional to the extent Plaintiff alleges that Defendants are controlling him through hypnosis. Accordingly, the Court hereby DISMISSES those aspects of Plaintiff's Third Amended Complaint based upon these allegations. Because Plaintiff cannot cure these deficiencies by amendment, the dismissal is WITH PREJUDICE. This action shall proceed hereafter solely upon Plaintiff's claims of excessive force and false imprisonment. Therefore, Plaintiff must limit his future filings with the Court to the specific claims of excessive force and false imprisonment.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's [Third Amended] "Cival Complaint" (#14) is DISMISSED IN PART. Any and all claims relating to Plaintiff's allegations of the use of hypnosis by Defendants are DISMISSED WITH PREJUDICE. This action shall proceed solely on Plaintiff's claims of excessive force and false imprisonment.

IT IS SO ORDERED.

DATED this __2nd___ day of December, 2005.

                                        ____/s/ Anna J. Brown_____
                                        ANNA J. BROWN
                                        United States District Judge